(60 Misc. Rep. 125.)

In re GILROY, Commissioner of Public Works.

(Supreme Court, Special Term, Westchester County.    March, 1908.)

EMINENT DOMAIN—COMPENSATION—DISPOSITION OF AWARD.

Where a city condemned land in which one had a life estate in an undivided one-half, the court must award to the life tenant all of the accrued interest on the award for the undivided half, and give him the use of such award until the termination of the life estate; but the life tenant should be required to give adequate security before receiving the principal.

In the matter of the petition of Thomas F. Gilroy, commissioner of public works of the city of New York, for the condemnation of land. Heard on petition of Henry C. Nelson for payment over to him of a part the award made.    Motion granted.

Order affirmed 112 N. Y. Supp. 1130.

Smith Lent, for petitioner.

Burton C. Meighan, for respondent remaindermen.

MILLS, J.    This is an application by the petitioner, Henry C. Nelson, for the payment over to him of one-half of a certain award made by the commissioners of appraisal in the above-entitled matter for lands designated therein as "Parcel No. 184."    The commissioners took and filed their oath of office on the 7th of January, 1897.    Their award of $50,000 for the parcel was made on the 6th of July, 1907, or rather the order confirming such award was then made.    Pursuant to the direction of such order the amount of the award, $50,000, with accrued interest thereon, $33,316.66, was paid by the city comptroller to the First National Bank of Port Chester on the 20th of February, 1908.    Upon the making of this motion it was conceded that the petitioner was entitled at once and without question to one-half of the original award and the accrued interest thereon, and an order was thereupon at once made directing the payment of such half and interest to him, the same amounting to the sum of $41,658.33, and such payment has already been made.    The disposition of the remaining half of the principal and interest is in controversy and now to be determined.

At and prior to the vesting of the title in the city, as above stated, the parcel was owned by Daniel D. Nelson in fee, subject to a certain life interest of Henry C. Nelson in one undivided half thereof.    The reservation of such interest was contained in the deed by said Henry C. Nelson to said Daniel D. Nelson, made in the year 1891, and was in the following terms:

"Henry C. Nelson, party of the first part, however, reserving to himself all right, title, and interest in the hereby granted premises for and during the joint or several life or lives of Emma D. Owen, his sister, and of John Owen, said sister's husband; he, the said Henry C. Nelson, reserving and retaining in himself an estate for and during the joint and several lives of the said Emma D. Owen and John Owen in the premises hereby granted, anything herein contained to the contrary notwithstanding."

Daniel D. Nelson died in the year 1906, and the respondents, his children, are his sole legatees and devisees, and also the executors of his will, which has been duly admitted to probate.    The said Emma D.

Owen and John Owen are still living. The petitioner contends that the award of $25,000, made for the undivided one-half of said parcel in which he had such life estate, took the place of the said one undivided half of said parcel, and that he, by virtue of his such life estate, became entitled to the use of the said $25,000 until the termination of such life estate, precisely the same as, prior to the acquisition by the city, he was entitled to the use of the one undivided half part of the parcel, and that therefore he is now entitled to have all of the interest which has accrued upon said one-half of the entire award and to have the use of such one-half for the balance and remainder of said life estate. The respondents, on the other hand, contend that the condemnation by the city was of each and every interest in the parcel, distinctly and separately, and that the holder of each such interest, viz., here the life tenant, the petitioner, on the one hand, and the remaindermen, on the other, was entitled to a distinct and separate award for his separate and distinct interest, and that the duty of the court now is to apportion said original award of $25,000 between and for said two separate and distinct interests, and to apportion the accrued interest accordingly.

After considering carefully the very complete briefs submitted by counsel and examining the authorities therein cited, I find myself unable to discriminate this case from the Matter of Camp, 126 N. Y. 377, 27 N. E. 799, cited and relied upon by the petitioner's counsel. In that case, when the proceedings by the city of Brooklyn to condemn the parcel of land there in question were commenced, the same was owned in fee by Mary E. Camp. She died intestate and such owner on the 25th of October, 1866, while such proceedings were pending, leaving, her surviving, her husband, Calvin B. Camp, and four children of her husband and herself, who were, of course, her heirs at law. Her husband, therefore, by operation of law, became at once, as tenant by the curtesy, the owner of an estate for his life in said parcel. Thereafter the proceedings were consummated and the title to the parcel acquired therein by the city. The commissioners made an award for the parcel of $26,000 to the four children by name, and made no award whatever to the father by name. The father, having been appointed guardian of the four children, who were infants, received the award from the city comptroller and gave a receipt as guardian for the same. When one of the children became of age he instituted proceedings before the surrogate of Kings county to compel his father to account for and pay over to him his one-fourth share of that award and interest thereon. The matter was by the surrogate sent to a referee, who, after taking evidence, reported in substance that the award made, although in name to the children, was for the entire parcel and every interest therein; that the father had an estate for his life in the land when taken by the city; and that he was entitled out of that award to receive the then value of such estate, computed according to the Northampton Tables and the rules then in force. The referee computed such value, deducted one-fourth of such value from one-fourth of the entire award, and held the father, as guardian, accountable to the petitioning child, a son, for the balance of said one-fourth, with interest thereon. The surrogate confirmed such report and made a

decree accordingly. An appeal was taken to the General Term, which modified the decree by holding the guardian accountable for the entire one-fourth of the award, apparently treating it as having been made for the interests of the children alone. Upon appeal taken to the Court of Appeals that court held that the father was entitled to the use of the entire fund for his life; that, in other words, the fund had taken the place of the land; and, further, that there was no power to compute the value of the father's life estate and compel him to take a gross sum representing such value out of the original fund. Upon this point that court, in its opinion, wrote:

"Holding, as we do, that the appellant had a life estate in the fund, we do not know of any power in the referee or the surrogate to compute its value and deduct the gross sum arrived at from the amount of the original fund. The appellant has never consented to any such computation and deduction, and there is no statute that we are aware of which vests the right in the court to compel him to consent. Without his consent, and in the absence of such statute, it cannot be done." 126 N. Y. 388, 27 N. E. 802.

Upon the oral argument before me I was under the impression, from the citation of this authority there made, that this question of apportioning the original award, as of the time of its being made or the vesting of the title, between the several interests in the land according to their respective valuations then computed and found, had not been directly passed upon by the Court of Appeals, but that the right of the father, the life tenant, to the use of the entire fund during his life, was in that case practically conceded by all parties. Upon an examination and reading of the report of the case, both the statement thereof and the opinion, I perceive that that question was directly involved and directly passed upon by the court, as is apparent from the foregoing history of it and the above-cited extract from the opinion. I cannot perceive any distinction, as to the question here involved, between this matter and that case. Here, as there, the life tenant, the petitioner here, when the title of the parcel passed to the city in the condemnation proceedings, was entitled to the use of the parcel; here the one undivided half for the term of the life estate. The condemnation was effected in each case and the award in this case, as much as in the other, took the place of the land and became subject to such life interest. In that case the surrogate practically and in effect did the very thing which the court here in this matter is asked by the respondents to do, viz., computed and determined the then present value of the father's life interest at the time of the passing of title by the condemnation and limited the father's right to such value.

Therefore it seems clear to me that the court is bound to hold that the petitioner is entitled to all of the accrued interest upon the $25,000, the award for the one undivided half, which was subject to the life estate, and also entitled to the use of such award until the termination of such life estate. The petitioner, however, will be required to give adequate security before receiving such award, or the principal thereof.